UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GRENKE,

        Plaintiff,                                  Case No. 12-14221
                                                           Honorable David M. Lawson

v.

HEARST COMMUNICATIONS, INC.,

        Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION OF TIME TO RESPOND AND TO FILE OVERSIZE BRIEF**

        This case is a putative class action filed against a magazine publisher, alleging a violation of Michigan's Video Rental Privacy Act. The parties presented a stipulation to extend for a second time the date for the defendant to respond to the complaint. The defendant apparently intends to respond with a motion to dismiss, and it seeks to file a brief in excess of the page limitation prescribed by the local rules. The proposed stipulation also seeks to enlarge the response and reply times. The Court notified the parties that it would not enter an order on the stipulation because it was short on details justifying a departure from the local rules' deadlines and page limitations.

        The defendant now has filed a motion seeking the same relief. The defendant has explained that the plaintiff's lawyers have filed three other lawsuits in this district that are identical, except for the names of the publisher defendants. They are assigned to different judges. The only added detail offered to justify the relief requested in the motion (and the previous stipulation) is that "it would be beneficial to have these cases on the same schedule." What has *not* been explained, however, is why the defendant needs more time to respond, why it needs additional pages to make its arguments, and why the plaintiff needs the same concessions.

The rule relating to excess pages says that "[a] person seeking to file a longer brief [that the twenty pages allowed] may apply *ex parte* in writing setting forth the reasons." E.D. Mich. LR 7.1(d)(3)(A). It should be understood that the "reasons" offered should be good ones. Here, there are none. The standard for obtaining time extensions is "good cause." Fed. R. Civ. P. 6(b)(1). Making such a showing is not an onerous task. *See United States ex rel. Kalish v. Desnick*, 765 F. Supp. 1352, 1354 (N.D. Ill. 1991) (holding that "good cause" may be demonstrated by advancing specific facts that describe the magnitude of the undertaking, the time available for completion, and circumstances that would prevent a reasonable person from performing within the time allowed by a statute or court rule). Nothing on that score was offered here.

Despite the lack of grounds, the Court sees no harm in allowing the defendant more time to file its motion, especially since the plaintiff appears to agree. Perhaps the additional time will permit counsel to streamline his brief. *See The Tragedy of Hamlet, Prince of Denmark*, Act 2, scene 2 (Lord Polonius observing that "since brevity is the soul of wit, And tediousness the limbs and outward flourishes, I will be brief"). However, the balance of the relief requested will be denied for lack of merit in the grounds presented.

Accordingly, it is **ORDERED** that defendant may respond to the complaint **on or before December 3, 2012**.

It is further **ORDERED** that the motion for extension of time and to file an oversize brief [dkt. #12] is **DENIED** in all other respects.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: November 21, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 21, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL