# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID GRENKE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HEARST COMMUNICATIONS, INC., a Delaware Corporation,<br><br>        Defendant. | Case No. 2:12-cv-14221-GCS-MKM<br><br>Hon. George C. Steeh<br><br>(Magistrate Judge Mona K. Majzoub) |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant Hearst Communications, Inc. ("Hearst"), by and through its undersigned attorneys Davis Wright Tremaine LLP, hereby answers the Class Action Complaint, dated September 24, 2012 (the "Complaint") as follows:

## NATURE OF THE CASE

1. Denies the allegations contained in Paragraph 1, except admits only that Hearst, together with its direct and indirect subsidiaries and their joint venture partners, publishes 21 magazine titles in the United States and various international editions, including the magazines set forth in paragraph 1.

2. Denies the allegations contained in paragraph 2.

3. Denies the allegations contained in paragraph 3.

4. Denies the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 state legal conclusions to which no response is required. To the extent any response to those allegations is required, Hearst denies them.

6. Denies the allegations contained in paragraph 6.

## PARTIES

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Admits that Hearst is a Delaware corporation, avers that its principal place of business at 300 West 57th Street, New York, New York 10019, that it does business in the State of Michigan and in certain other States in the United States, and otherwise denies the allegations contained in paragraph 8.

## JURISDICTION AND VENUE

9. The allegations in paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, Hearst admits that it does business in the State of Michigan as alleged in paragraph 9, specifically denies that Hearst engaged in unlawful conduct, and otherwise denies the allegations contained in paragraph 9.

10. The allegations in paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, Hearst denies this Court has subject matter jurisdiction over this dispute because plaintiff lacks standing.

11. The allegations contained in paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, Hearst admits that it transacts business in the district, denies knowledge and information sufficient to form a belief as to where Plaintiff resides, and denies the remaining allegations contained in paragraph 11.

## FACTUAL BACKGROUND
### Michigan's Video Rental Privacy Act

12. Refers to the document referenced in paragraph 12, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Refers to the document referenced in paragraph 13, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. The allegations contained in paragraph 14 state legal conclusions to which no response is required. To the extent that a response is required, Hearst refers the Court to the Michigan Video Rental Privacy Act ("VRPA"), M.C.L. §§ 445.1711, et seq., for a complete and accurate statement of its contents.

15. Refers to the document referenced in paragraph 15, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and

information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

### The Personal Information Market: Consumers Value Information Privacy

17. Refers to the document referenced in paragraph 17, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Refers to the document referenced in paragraph 18, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Refers to the document referenced in paragraph 19, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Denies knowledge and information sufficient to form a belief as to the truth of allegations contained in paragraph 20.

21. Refers to the document referenced in paragraph 21, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and

information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Refers to the document referenced in paragraph 22, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Refers to the document referenced in paragraph 23, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Refers to the document referenced in paragraph 24, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. To the extent that the allegations in paragraph 25 pertain to Hearst, Hearst denies the allegations in paragraph 25; otherwise Hearst refers to the document referenced in paragraph 25, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. To the extent that the allegations in paragraph 26 pertain to Hearst, Hearst denies the allegations in paragraph 26; otherwise Hearst refers to the document referenced in paragraph 26, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. To the extent that the allegations in paragraph 27 pertain to Hearst, Hearst denies the allegations in paragraph 27; otherwise Hearst refers to the document referenced in paragraph 27, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 except denies the allegations regarding Hearst.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Refers to the document referenced in paragraph 30, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and

information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Refers to the document referenced in paragraph 31, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 state legal conclusions to which no response is required. To the extent that a response is required, Hearst refers to the document referenced in paragraph 32, which speaks for itself, and denies all characterizations thereof, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

### Hearst Unlawfully Sells Its Subscribers' Personal Reading Information

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37, except admits that during the relevant time period there have been various ways to purchase a subscription to a Hearst magazine .

38. Denies the allegations contained in paragraph 38 and refers the Court to the document cited therein, which speaks for itself, and denies all characterizations thereof.

39. The allegations contained in paragraph 39 state legal conclusions to which no response is required.  To the extent that a response is required, Hearst denies them.

## FACTS RELATING TO PLAINTIFF DAVID GRENKE

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

8

## CLASS ACTION ALLEGATIONS

49.   Admits Plaintiff purports to bring this lawsuit as a class action on behalf of the class described in paragraph 49 but denies this action meets class certification requirements.

50.   Denies the allegations contained paragraph 50 and denies this action meets class certification requirements.

51.   Denies the allegations contained in paragraph 51 and denies this action meets class certification requirements.

52.   Denies the allegations contained in paragraph 52 and denies this action meets class certification requirements.

53.   Denies the allegations contained in paragraph 53 and denies this action meets class certification requirements.

54.   Denies the allegations contained in paragraph 54 and denies this action meets class certification requirements.

55.   Denies the allegations contained in paragraph 55 and denies this action meets class certification requirements.

56.   To the extent a response is required to the allegations contained in paragraph 56 Hearst denies them.

# FIRST CAUSE OF ACTION
## Violation of the Video Rental Privacy Act
### (M.C.L. § 445.1712)
### (On Behalf of Plaintiff and the Class)

57. Hearst incorporates its responses to paragraph 1-56 as if fully set forth herein.

58. The allegations contained in paragraph 58 state legal conclusions to which no response is required. To the extent that a response is required, Hearst denies them.

59. The allegations contained in paragraph 59 state legal conclusions to which no response is required. To the extent that a response is required, Hearst denies them.

60. The allegations contained in paragraph 60 state legal conclusions to which no response is required. To the extent that a response is required, Hearst denies them.

61. Denies the allegations contained in paragraph 61.

62. Denies the allegations contained in paragraph 62.

63. Denies the allegations contained in paragraph 63.

64. The allegations contained in paragraph 64 state legal conclusions to which no response is required. To the extent that a response is required, Hearst denies them.

10

65. The allegations contained in paragraph 65 state legal conclusions to which no response is required. To the extent that a response is required, Hearst denies them.

66. Denies the allegations contained in paragraph 66.

67. Denies the allegations contained in paragraph 67.

68. The allegations contained in paragraph 68 state legal conclusions to which no response is required. To the extent that a response is required, Hearst denies them.

69. The allegations contained in paragraph 69 state legal conclusions to which no response is required. To the extent that a response is required, Hearst denies them.

70. Denies the allegations contained in paragraph 70.

71. Denies the allegations contained in paragraph 71.

72. Denies the allegations contained in paragraph 72.

73. Denies the allegations contained in paragraph 73.

74. Denies the allegations contained in paragraph 74.

## SECOND CAUSE OF ACTION
### Breach of Contract
### (On Behalf of Plaintiff and the Class)

75. Hearst incorporates its responses to paragraph 1-74 as if fully set forth herein.

76. No response is required to the allegations in paragraph 76 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 47; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 38; *Fox v. Time,* No. 12-cv-14390, Dkt. No. 43. To the extent that a response is required, Hearst denies them.

77. No response is required to the allegations in paragraph 77 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 47; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 38; *Fox v. Time,* No. 12-cv-14390, Dkt. No. 43. To the extent that a response is required, Hearst denies them.

78. No response is required to the allegations in paragraph 78 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 47; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 38; *Fox v. Time,* No. 12-cv-14390, Dkt. No. 43. To the extent that a response is required, Hearst denies them.

79. No response is required to the allegations in paragraph 79 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 47; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 38; *Fox v. Time,* No. 12-cv-14390, Dkt. No. 43. To the extent that a response to those allegations is required, Hearst denies them.

80. No response is required to the allegations in paragraph 80 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 47; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 38; *Fox v. Time,* No. 12-cv-14390, Dkt. No. 43. To the extent that a response is required, Hearst denies them.

81. No response is required to the allegations in paragraph 81 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 47; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 38; *Fox v. Time,* No. 12-cv-14390, Dkt. No. 43. To the extent that a response is required, Hearst denies them.

82. No response is required to the allegations in paragraph 82 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 47; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 38; *Fox v. Time,* No. 12-cv-14390, Dkt. No. 43. To the extent that a response to those allegations is required, Hearst denies them.

13

83. No response is required to the allegations in paragraph 83 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 47; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 38; *Fox v. Time,* No. 12-cv-14390, Dkt. No. 43. To the extent that a response is required, Hearst denies them.

84. No response is required to the allegations in paragraph 84 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 47; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 38; *Fox v. Time,* No. 12-cv-14390, Dkt. No. 43. To the extent that a response is required, Hearst denies them.

85. No response is required to the allegations in paragraph 85 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 47; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 38; *Fox v. Time,* No. 12-cv-14390, Dkt. No. 43. To the extent that a response is required, Hearst denies them.

86. No response is required to the allegations in paragraph 86 since the Court dismissed the contract claim in these actions. *See Halaburda v. Bauer,* No. 12-cv-12831, Dkt. No. 47; *Grenke v. Hearst,* No. 12-cv-14221, Dkt. No. 38; *Fox v. Time,* No. 12-cv-14390, Dkt. No. 43. To the extent that a response is required, Hearst denies them.

## THIRD CAUSE OF ACTION
### Unjust Enrichment
**(On Behalf of Plaintiff and the Class In the Alternative to Breach of Contract)**

87. Hearst incorporates its responses to paragraphs 1- 86 as if fully set forth herein.

88. Denies the allegations contained in paragraph 88.

89. Denies the allegations contained in paragraph 89.

90. Denies the allegations contained in paragraph 90.

91. Denies the allegations contained in paragraph 91.

92. Denies the allegations contained in paragraph 92.

93. Denies the allegations contained in paragraph 93.

94. Denies the allegations contained in paragraph 94.

95. Denies the allegations contained in paragraph 95.

96. Denies the allegations contained in paragraph 96.

Hearst denies any factual allegations contained in any paragraph of the Complaint except as expressly admitted above, and also denies all of the titles or headings contained throughout the Complaint. Hearst also denies that Plaintiff, on behalf of himself and the purported class, is entitled to any of the relief requested in the Prayer for Relief on pages 20 and 21 of the Complaint or to any other relief.

## AFFIRMATIVE DEFENSES

Hearst asserts the following affirmative defenses and reserves the right to amend its answer to assert any additional affirmative defenses when and if, in the course of its investigation, discovery or preparation for trial it becomes appropriate to assert such affirmative defenses. In asserting these defenses, Hearst does not assume the burden of proof for any issue that would otherwise rest on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class lack standing under U.S. Const. art. III, § 2, and/or the VRPA, to assert the claims stated in the Complaint and to seek some and/or all of the relief requested.

## THIRD AFFIRMATIVE DEFENSE

Hearst is not "engaged in the business of selling at retail", and neither Plaintiff nor others alleged to be members of the putative class, purchased a magazine subscription at "retail" as required under the VRPA. M.C.L. § 445.1712.

## FOURTH AFFIRMATIVE DEFENSE

The VRPA does not apply since a magazine subscription is not a "written material" within the meaning of the statute. M.C.L. § 445.1712.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class consented to the disclosure of the complained of information.

## SIXTH AFFIRMATIVE DEFENSE

Any complained of disclosures were done for "the exclusive purpose of marketing goods and services directly to the consumer." M.C.L. § 455.1713(d).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class were informed that he/they could "remove his or her name at any time by written notice." M.C.L. § 445.1713(d).

## EIGHTH AFFIRMATIVE DEFENSE

Awarding Plaintiff and/or others alleged to be members of the putative class the relief sought in the Complaint would violate Hearst's rights to due process of law under the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

The VPRA, as alleged and/or applied in this case, violates the First Amendment of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

17

This action cannot properly be brought as a class action and the requirements of Rule 23, Fed. R. Civ. P., for certification of a class are not met and cannot be met in this action.

### TWELFTH AFFIRMATIVE DEFENSE

Hearst has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available by law, or pursuant to statute, or appear during the proceedings in this action. Hearst reserves the right to amend its answer and/or affirmative defenses accordingly and assert any such defense.

### PRAYER FOR RELIEF

WHEREFORE, Hearst requests that the Court dismiss Plaintiff's claims, enter judgment in Hearst's favor and against Plaintiff on his Complaint and such other relief as this Court deems just and proper, including:

(i) denial of class certification;

(ii) dismissal of Plaintiff's claims with prejudice;

(iii) denial of all relief required by Plaintiff;

(iv) all further relief to which Hearst may be entitled in law or in equity.

18

Dated: June 23, 2014

| | |
|---|---|
| Robert M. Jackson (P40732)<br>Arthur T. O'Reilly (P70406)<br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Avenue<br>2290 First National Building<br>Detroit, MI 48226<br>Telephone: (313) 465-7400<br>rjackson@honigman.com<br>aoreilly@honigman.com | By: /s/ Sharon L. Schneier<br>Sharon L. Schneier<br>Collin J. Peng-Sue<br>Davis Wright Tremaine LLP<br>1633 Broadway – 27th Floor<br>New York, New York 10019<br>Telephone: (212) 489-8230<br>Facsimile: (212) 489-8340<br>sharonschneier@dwt.com<br>collinpengsue@dwt.com |

*Attorneys for Defendant Hearst Communications, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2014, I electronically filed the foregoing Answer with the Clerk of the Court via the ECF system, which shall send a notification of such filing to all counsel of record.

    /s/ Sharon L. Schneier
Sharon L. Schneier
DAVIS WRIGHT TREMAINE LLP
1633 Broadway – 27th Floor
New York, New York 10019
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
sharonschneier@dwt.com