# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| DAVID GRENKE, individually, and on behalf of all others similarly situated, | Case No. 2:12-cv-14221-GCS-MKM |
| Plaintiff, | [Hon. George C. Steeh] |
| v. | [Magistrate Judge Mona K. Majzoub] |
| HEARST COMMUNICATIONS, INC., a Delaware Corporation, | |
| Defendant. | |

## PLAINTIFF GRENKE'S COMBINED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS AND STAY DISCOVERY

Ari J. Scharg
ascharg@edelson.com
John C. Ochoa
jochoa@edelson.com
J. Dominick Larry
nlarry@edelson.com
Alicia A. Hwang
ahwang@edelson.com
EDELSON PC
350 N. LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370

Brian Summerfield – P57514
BODMAN PLC
201 W. Big Beaver Rd., Suite 500
Troy, Michigan 48084
Tel: 248.743.6075
bsummerfield@bodmanlaw.com

*Counsel for Plaintiff David Grenke and the Putative Class*

# TABLE OF CONTENTS

I.    THE VRPA AFFORDS REDRESS TO "CUSTOMERS"………………2

II.   PLAINTIFF IS ENTITED TO TEST DEFENDANT'S EVIDENCE......4

III.  CONCLUSION………………………………………………………6

## STATEMENT OF ISSUES PRESENTED

Should the Court deny Defendant's Motion to Dismiss Under Rule 12(b)(1) where the evidence demonstrates that Plaintiff has established statutory standing as a "customer" under the Video Rental Privacy Act, and thus, Article III standing?

Plaintiff's Answer: Yes.


Should the Court deny Defendant's Motion to Stay Discovery pending a factually based Rule 12(b)(1) Motion to Dismiss while Defendant is withholding discovery that would allow Plaintiff to fairly oppose the motion?

Plaintiff's Answer: Yes.

## CONTROLLING AND MOST IMPORTANT AUTHORITY

<u>United States Circuit Court of Appeals Cases</u>

*Gentek Bldg. Prod., Inc. v. Steel Peel Lit. Trust*, 491 F.3d 320 (6th Cir. 2007)
*Gilbert v. Ferry*, 401 F.3d 411 (6th Cir. 2005)
*Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445 (6th Cir. 1988)
*Moore v. Lafayette Life Ins. Co.,* 458 F.3d 416 (6th Cir. 2006)
*Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981)

<u>United States District Court Cases</u>

*Kinder v. Meredith Corp.*, 2014 WL 4209575 (E.D. Mich. Aug. 26, 2014)
*U.S. Student Ass'n Found. v. Land*, 2010 WL 1131493 (E.D. Mich. Mar. 23, 2010)

<u>State Statutes</u>

Video Rental Privacy Act, M.C.L. §§ 445.1711–15

After more than two years of litigation—and despite already admitting through discovery that Plaintiff David Grenke ("Grenke") has subscribed to at least one of its magazines[1]—Defendant Hearst Communications, Inc. ("Hearst") has decided to once again try and get the case dismissed, this time by arguing that it has supposedly uncovered evidence showing that Grenke lacks Article III standing to pursue his claims under Michigan's Video Rental Privacy Act ("VRPA"). The evidence: a self-serving and untested declaration claiming that a limited search of some undisclosed database didn't show Grenke as having "subscribed" to *Country Living*. Based upon that testimony alone, Hearst insists that Grenke hasn't suffered an injury-in-fact, and demands that the Court dismiss the case for lack of subject matter jurisdiction.

But Hearst's argument ignores the plain language of the VRPA that says "customers," not "subscribers" have standing to bring a cause of action under the statute. And here, Grenke has submitted evidence showing that he purchased Hearst's *Country Living* and *Good Housekeeping* by paying for them with a personal check (which identified his name and address, and drew money from an

---

[1] Hearst already indicated through its Rule 26(a)(1) disclosures that it possesses "records relating to plaintiff's "Hearst subscription." (*See* Declaration of Ari J. Scharg ["Scharg Decl."], attached hereto as Exhibit 1, ¶ 7.) This is significant because although Hearst makes much of the fact that Grenke is supposedly not a subscriber to *Country Living*, it conveniently fails to mention that that's not the only Hearst magazine implicated in this case. Indeed, Grenke also receives *Good Housekeeping* at his residence, which can also form the basis for his VRPA claim.

account in his name) and having it delivered to his home address. He is therefore a "customer" under the VRPA and has standing to pursue his claims.

Moreover, it is axiomatic that the Federal Rules afford Grenke a right to test the evidence that Hearst argues is dispositive of the case. Because Hearst has so far deprived Grenke of highly relevant discovery, including an opportunity to test the Swift Declaration, its motions to dismiss and stay discovery must be denied.

## I.     THE VRPA AFFORDS REDRESS TO "CUSTOMERS"

While Hearst focuses on the term "subscriber," the VRPA broadly grants a right to judicial relief to any "*customer* identified in a record or other information that is disclosed in violation of this act." M.C.L. § 445.1715 (emphasis added). The term "customer" is defined as "a person who *purchases*, rents, or borrows a book or other written material." M.C.L. § 445.1711(a) (emphasis added). True, a person who "subscribes" to magazines may satisfy the "customer" element of the VRPA if that person also purchased them. However, whether a person is identified as the subscriber of record isn't dispositive of such person's standing as a "customer" under the VRPA.[2] That analysis turns on whether the defendant disclosed a record

---

[2]   Hearst appears to be contesting whether, contrary to the plain language of the statute, a customer can state a cause of action under the VRPA. Where a factual attack on subject matter jurisdiction implicates an element of the cause of action, then the district court should "*find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim" under Rule 56. *Gentek Bldg. Prod., Inc. v. Steel Peel Lit. Trust*, 491 F.3d 320, 330 (6th Cir. 2007). (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (emphasis

that identifies the person as having *purchased* certain magazines.

Here, there can be no dispute as to whether Grenke has purchased magazines from Hearst. In fact, Grenke and his wife, Rose Grenke, have purchased several yearlong subscriptions to both *Country Living* and *Good Housekeeping* over the past 12 years. (*See* Declaration of David Grenke, attached hereto as Exhibit 2, ¶ 3.) Grenke paid for each such subscription by issuing a check directly to Hearst that draws from his checking account. (*Id.* ¶ 6.) The face of each check contained Grenke's full name and home address—the same home address to which the magazines are delivered. (*Id.*) Thus, because he purchased magazines from Hearst, Grenke unquestionably satisfies the VRPA's "customer" element. And because Hearst has already admitted that it discloses all of its *customers'* (not just *subscribers'*) magazine subscription purchase records to up to thirty-seven (37) unrelated third parties (including data miners Acxiom Corp. and Experian) (Scharg Decl. _), Grenke has established that he suffered an injury-in-fact sufficient to satisfy both statutory standing and Article III standing. *See Kinder v. Meredith Corp.*, 2014 WL 4209575, at *3 ("[Plaintiff] has alleged that [defendant] violated her rights pursuant to the VRPA by improperly disclosing and selling her personal

---

added); *see also Moore v. Lafayette Life Ins. Co.,* 458 F.3d 416 (6th Cir. 2006) ("When the basis of federal jurisdiction is intertwined with the plaintiff's federal cause of action, the court should assume jurisdiction over the case and decide the case on the merits."). The Sixth Circuit has explained that this rule exists to protect the plaintiff, who is facing a challenge to the validity of his claim. *Id.* at 444.

information . . . Thus, [plaintiff] has both statutory standing pursuant to the VRPA and Article III standing.").

Further, even if it were true that Grenke didn't purchase *Country Living* (it's not, regardless of whether his name appeared on the label), Hearst's motion would still fail because it doesn't even address Grenke's purchase of *Good Housekeeping*. This gaping hole is material given that Hearst has *already admitted* that it possesses (but is withholding) records relating to Grenke's "Hearst subscription"— if not to *Country Living*, then such records must indicate that Grenke purchased a subscription to *Good Housekeeping*. (Scharg Decl. ¶ 7.) As such, Hearst's claim that Grenke hasn't suffered an injury-in-fact is disingenuous, and its limited motion may be denied on that basis alone.

## II.    PLAINTIFF IS ENTITED TO TEST DEFENDANT'S EVIDENCE

Defendant's motion is entirely premised on a self-serving declaration that sheds no light on whether or not Plaintiff was a "customer" whose personal information was disclosed. When a defendant raises a factual attack against subject matter jurisdiction, the plaintiff "must be given an opportunity to secure and present relevant evidence to the existence of jurisdiction." *Gilbert v. Ferry*, 401 F.3d 411, 415 (6th Cir. 2005); *see also Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988) ("[W]e stress that a party must be given an ample opportunity to secure and present evidence relevant to the existence of

jurisdiction."). That's because it would be unfair to force a plaintiff to meet his ultimate burden of *proving* standing without the benefit of discovery. *U.S. Student Ass'n Found. v. Land*, No. 2010 WL 1131493, at *1, 9 (E.D. Mich. Mar. 23, 2010). Here, Hearst attempts to do just that by forcing Grenke to *prove* that he has suffered an injury-in-fact while at the same time blocking access to highly relevant evidence. (Scharg Decl. ¶¶ 5-16, 18-19.)

Grenke is not required to accept the new testimony attached to Hearst's motion—particularly given that Hearst has already taken the position that Grenke consented to the disclosures at issue, and that Hearst never raised Grenke's standing as a Hearst customer (or subscriber) before, including during the Parties' Rule 26(f) conferences on January 11, 2013 and July 21, 2014 when they discussed their respective claims and defenses. (Scharg Decl. ¶ 21.) As such, Grenke is entitled to depose Hearst's declarant, Charles Swift, Jr., to test the veracity of his new testimony, and obtain specific details about his search that were omitted from his declaration, such as when and where it took place, how it was conducted, and why it was limited to a *Country Living* database instead of the entire Consumer Marketing department, as previously promised. (*Id*. ¶ 11.)

Lastly, Grenke is also entitled to proceed with the Rule 30(b)(6) deposition that was noticed for October 28, 2014, but which was unilaterally cancelled by Hearst the day before. (Scharg Decl. ¶¶ 19-20.) Should discovery proceed forward,

Grenke intends to supplement the deposition topics to obtain information related to whether Grenke and/or his wife, Rose Grenke, appears anywhere in Hearst's database.[3] These topics are relevant to the superficial standing argument raised by Hearst.[4]

Accordingly, Hearst's motion to stay discovery should be denied, and its motion to dismiss should be deferred until at least the discovery identified above has been completed. *See U.S. Student Ass'n Found.* 2010 WL 1131493, at *7 ("to the extent plaintiffs are still in need of relevant and discoverable information [to establish Article III standing], they should have the opportunity to receive and review it before being put to their proofs.").

## III.  CONCLUSION

For the reasons stated above, Plaintiff David Grenke respectfully requests that the Court enter an Order (i) denying Hearst's Motion to Dismiss, (ii) denying Hearst's Motion to Stay Discovery, and (iii) awarding such other relief as it deems necessary, reasonable, and just.

---

[3]  During the Parties' October 23, 2014 meet and confer, Grenke's counsel asked specifically whether Grenke and/or his wife appeared anywhere Hearst's database, and Hearst's counsel refused to answer the question. (Scharg Decl. ¶¶ 15-16.)

[4]  Grenke is also entitled to the records relating to the "Hearst subscription" that Hearst identified in its Rule 26(a)(1) disclosures. (Scharg Decl. ¶ 7.) Had Hearst timely disclosed such records, it would have had no basis for which to move for 12(b)(1) dismissal.

Dated: November 17, 2014      Respectfully submitted,

                    **David Grenke**, individually and on behalf
                    of a class of similarly situated individuals,

                    By: /s/ Ari J. Scharg
                    One of his Attorneys

Ari J. Scharg
ascharg@edelson.com
John C. Ochoa
jochoa@edelson.com
J. Dominick Larry
nlarry@edelson.com
Alicia Hwang
ahwang@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Brian Summerfield – P57514
BODMAN PLC
201 W. Big Beaver Rd., Suite 500
Troy, Michigan 48084
Tel: 248.743.6075
bsummerfield@bodmanlaw.com

*Counsel for Plaintiff David Grenke and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

  I, Ari J. Scharg, an attorney, certify that on November 17, 2014, I served the above and foregoing ***Plaintiff's Combined Response in Opposition to Defendant's Motions to Dismiss and Stay Discovery,*** by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this November 17, 2014.


       /s/ Ari J. Scharg_____