# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID GRENKE, individually, and on behalf of all others similarly situated, | Case No. 12-cv-14221 |
| Plaintiff, | Hon. George C. Steeh |
| v. | (Magistrate Judge Mona K. Majzoub) |
| HEARST COMMUNICATIONS, INC., a Delaware Corporation, | |
| Defendant. | |

**DEFENDANT HEARST COMMUNICATIONS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STAY DISCOVERY PENDING DECISION ON DEFENDANT'S MOTION TO DISMISS**

James P. Feeney (P13335)
DYKEMA GOSSETT PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI  48304
Telephone:  (248) 203-0841
Email: jfeeney@dykema.com

Jonathan R. Donnellan
Kristina E. Findikyan
Stephen H. Yuhan
THE HEARST CORPORATION
    Office of General Counsel
300 West 57th Street, 40th Floor
New York, New York 10019
Tel: (212) 841-7000
Fax: (212) 554-7000
Email: jdonnellan@hearst.com

*Attorneys for Defendant Hearst Communications, Inc.*

Defendant Hearst Communications, Inc. ("Hearst") submits this reply in further support of its motion to stay discovery. Plaintiff David Grenke's Combined Response in Opposition to Hearst's Motions to Dismiss and Stay Discovery ("Response") is a wholesale surrender of his position advocated before this Court for two years, and confirms that Plaintiff has no factual basis to prosecute this action. Moreover, it fails to demonstrate any entitlement to discovery. Instead, the Response makes clear that Plaintiff hopes to conduct a classic "fishing expedition," not to ascertain whether he himself has standing, but to determine whether there is any *other* claim that his lawyer might bring. There is no basis on which this Court should permit Plaintiff to do so. Hearst's Motion to Stay should be granted.

I.      **PLAINTIFF IS NOT ENTITLED TO DISCOVERY**

As a threshold matter, there is no basis on which to continue general discovery in this case. Plaintiff provides no argument or authority to oppose the motion for a stay on general discovery until the question of jurisdiction is decided.[1]

Instead, Plaintiff limits his argument to a request for jurisdictional discovery. But there is no automatic entitlement to jurisdictional discovery, as the case primarily relied upon by Plaintiff clearly recognizes. *See Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (affirming denial of jurisdictional discovery

---

[1] Plaintiff claims that he is entitled to take an eleven-topic Rule 30(b)(6) deposition relating broadly to all issues in the case, but offers no reason or case law to support his claimed entitlement (Resp. at 5), and no response to contrary law.

where there was no factual dispute on the two limited issues relevant for determining defendant's motion to dismiss for lack of subject matter jurisdiction).[2] Rather, a plaintiff must present "probative evidence" to indicate the existence of jurisdiction before any discovery is granted. *See KNC Invs., LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 385 (6th Cir. 2014) (citing *Chrysler Corp. v. Fedders*, 643 F.2d 1229, 1240 (6th Cir. 1981)).

In other words, "the burden rests on the plaintiff to establish a *prima facie* showing of jurisdiction" as a precondition to jurisdictional discovery. *See In re Auto. Parts Antitrust Litig.*, 2014 WL 2999271, at *2, 6-7 (E.D. Mich. July 3, 2014). Speculation that discovery might result in evidence supporting jurisdiction is insufficient to satisfy Plaintiff's burden. *See Pravettone v. Cargotec Oyj*, 2013 WL 3936467, at *5 (E.D. Mich. July 30, 2013) (rejecting request because "[p]laintiffs have not put forward any jurisdictional facts, but rather simply speculate that discovery could establish personal jurisdiction"); *Macomb Cnty. Bd. of Comm'rs v. StellarOne Bank*, 2010 WL 891247, at *4 (E.D. Mich. Mar. 10,

---

[2] The other two cases cited by Plaintiff are distinct and inapposite. *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445 (6th Cir. 1988), *abrogated on other grounds by Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607 (1992), involved competing evidence and the Foreign Sovereign Immunities Act, with its own shifting burden of proof; *U.S. Student Ass'n. Found. v. Land*, 2010 WL 1131493 (E.D. Mich. Mar. 23, 2010), involved complicated issues of associational standing and absent members' right to vote. None of those legal or factual complexities are present here. Plaintiff presents no cases under the applicable legal standard, nor any response to the numerous cases cited in Hearst's opening brief.

2010). Plaintiff failed to meet his burden here.

Plaintiff now concedes he is *not* a *Country Living* subscriber and that his alleged factual predicate for standing is a fiction.[3] Plaintiff's concession is fatal to his Complaint (a point Hearst will address in its reply on its Motion to Dismiss) and raises disturbing questions about Plaintiff's and his counsel's investigation and representations throughout this litigation.[4]

Attempting to salvage his lawsuit, Plaintiff now seeks to rest standing on the contention that he "purchased" someone else's *Country Living* subscription eleven years ago. But Plaintiff's Declaration does not support the conclusory assertion in his brief that he is a purchaser, let alone a purchaser *with standing in this lawsuit*. Instead he declares that in 2002, someone in his household received a one-year

---

[3] *See, e.g.*, Compl. ¶¶ 59-61, 64-65, 68-69, 89-91; MTD Opp'n (ECF No. 20) at 8; Op. (ECF No. 47) at 4, 11 (standing satisfied for pleading purposes by allegation that consumers' personal reading information was disclosed). Plaintiff defines "Personal Reading Information" as "*subscribers'* personal information—including, *inter alia*, their full names, titles of magazines *subscribed to*, and home addresses . . . ." (Compl. ¶ 2 (emphasis added); MTD Opp'n at 3.)

[4] In an attempt to draw this Court's focus away from the false representations that he has made throughout this litigation, Plaintiff's counsel suggests that Hearst's inclusion of affirmative defenses as to Plaintiff's claims in its June 23, 2014 Answer could be "an admission of a violation of Rule 11(b)(2)." (Scharg Decl. (ECF No. 79-1) ¶ 21 n.1.) The suggestion is absurd. Hearst moved to dismiss five days after Plaintiff confirmed on October 20, 2014 that he had lived continuously in Michigan for the past thirty years, which allowed Hearst conclusively to determine that Plaintiff never subscribed to *Country Living*. (Hearst MTD (ECF No. 70) Ex D.) Hearst defers to this Court's inherent power in determining whether to address Plaintiff's counsel's prior and continuing conduct. *See* Fed. R. Civ. P. 11(c)(3).

3

*Country Living* subscription through their United Airlines miles reward program. (Grenke Decl. (ECF No. 79-11) ¶¶ 3-4.)  Plaintiff then states that in 2003, a check used to purchase a "new" *Country Living* subscription from Hearst contained his name and address.  (*Id*. ¶¶ 5-6.)  That 2003 subscription, he declares, lapsed in 2013.  (*Id*. ¶ 7.)

Plaintiff's Declaration is far from the probative evidence required to support jurisdictional discovery.  His declaration — remarkable in its omissions — has no relevant factual content and does not provide *prima facie* evidence of standing:

- He does <u>not</u> deny that he was never a *Country Living* subscriber, and does not deny that the magazines delivered to his home were never addressed to him (in fact, he acknowledges as much in his brief (Resp. at 4)).

- Regarding the "new subscription" to *Country Living* in 2003, discussed in Grenke's Declaration ¶¶ 5-6, Plaintiff does <u>not</u> attest for whom it was purchased, where it was delivered, or to whom the magazines were addressed.

- He does <u>not</u> attach a copy of the 2003 check, nor does he attest that it was an individual (as opposed to joint) account, or that he signed it.

- He does <u>not</u> claim that he ever purchased another subscription after 2003, much less one within the statute of limitations; at the same time, he admits that his "purchases" were for "yearlong subscriptions." (Resp. at 3; *see also* Grenke Decl. ¶ 3.)  This is tantamount to an admission that someone else was the purchaser of any renewal subscriptions between 2004 and 2013, even if his claim to be the initial purchaser is credited.

Plaintiff's silence on these issues underscores the lack of factual basis to support his claim that he is a "purchaser" with standing.  It also highlights the undisputed

4

nature of the evidence previously submitted by Hearst.[5] The October 24, 2014 Swift Declaration (ECF No. 71) ("Swift Decl. I") makes clear that Hearst has no record of Plaintiff either as a subscriber *or a purchaser of Country Living*. (Swift Decl. I ¶¶ 5-9.) Moreover, Hearst has no record of ever disclosing Plaintiff as such. (*Id.* ¶ 8; Resp. at 3; *cf.* Op. at 11.)[6] Plaintiff claims that he should be allowed to test Swift's veracity. But he does not dispute any of the facts set forth in Swift's Declaration, or provide any basis to doubt his veracity. For this reason alone, his request should be denied.[7] More fundamentally, Plaintiff has not demonstrated his entitlement to *any* discovery because he has failed to put forth a *prima facie* showing of jurisdictional fact through probative evidence.[8]

---

[5] Denial of jurisdictional discovery is properly based on affidavit evidence. *See KNC Invs.*, 579 F. App'x at 385; *Chrysler*, 643 F.2d at 1237, 1240.

[6] Plaintiff attempts to mislead this Court, contending that Hearst admitted that "it discloses all of its *customers'* (not just *subscribers'*) magazine subscription purchase records . . . ." (Resp. at 3.) Hearst's discovery responses make clear that its response to Interrogatory 9 pertains to the information of only certain *Country Living* <u>subscribers</u>. (*See* Scharg Decl., Ex. 1-F, at 4-5 (¶ 16), 6 (¶ 21), 16.) This response cannot reasonably be construed to be any admission concerning Grenke or any other non-subscriber to *Country Living*.

[7] *See, e.g.*, *Prototype Prods., Inc. v. Reset, Inc.*, 844 F. Supp. 2d 691, 705 (E.D. Va. 2012) (denying jurisdictional discovery to test veracity of declarant); *Griffin Whitaker, LLC v. Torres*, 2010 WL 2696704, at *6-7 (D. Md. July 7, 2010) (same); *In re Dynamic Random Access Memory (Dram)*, 2005 WL 2988715, at *9 (N.D. Cal. Nov. 7, 2005) (denying jurisdictional discovery "to test the credibility of defendants' declarants" because "plaintiffs . . . made no showing that any sworn testimony. . . is disputed" (citation omitted)).

[8] Plaintiff cannot complain that denial of discovery is an impediment to

5

## II. DISCOVERY ON NEW MATTERS AND PERSONS IS IMPROPER

Having abandoned his claim that he is a *Country Living* subscriber, Plaintiff now seeks to enlist this Court in a further fishing expedition, casting his net beyond the allegations of his Complaint in search of a different claim that might save his baseless suit, or provide fodder for a new suit. Plaintiff now seeks discovery on whether he subscribed to or purchased a different magazine (*Good Housekeeping*), and on whether someone *else* (his wife) subscribed to *Country Living* or *Good Housekeeping*. (Resp. at 5-6.) Such discovery is entirely inappropriate.

Even where jurisdiction exists, "[d]iscovery is not a license for a fishing expedition wherein the Plaintiff may attempt to uncover new claims." *Oates v. Target Corp.*, 2012 WL 4513723, at *3 (E.D. Mich. Oct. 2, 2012); *see also Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir. 2004).[9] Speculative discovery is particularly improper here, as Plaintiff provides no factual basis to support jurisdiction.

Even if Plaintiff had made the requisite showing entitling him to discovery, none of the peripheral, irrelevant discovery he seeks would provide standing here.

---

establishing jurisdiction, which is his threshold burden. *See, e.g.*, *Northampton Rest. Grp., Inc. v. Firstmerit Bank, N.A.*, 492 F. App'x 518, 521-22 (6th Cir. 2012); *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (plaintiff must allege specific facts to support claim even if facts are only within the defendants' hands, and may not use discovery process to obtain these facts after filing suit).

[9] The Advisory Committee's note to the 2000 Amendment to Rule 26(b)(1) emphasizes that parties "have no entitlement to discovery to develop new claims . . . not already identified in the pleadings." *See* Fed. R. Civ. P. 26.

6

Despite Plaintiff's lack of entitlement, Hearst submits herewith a second Swift Declaration ("Swift Decl. II") to foreclose debate on these issues:

- There is no record in Hearst's possession, custody, or control showing that Plaintiff ever subscribed to or purchased *Good Housekeeping*. (*See* Swift Decl. II ¶¶ 6, 7.)

- Hearst's searches for Plaintiff as either a *Country Living* and/or *Good Housekeeping* subscriber or purchaser were conducted in Hearst's subscription database on or about October 22, 2014 (*Country Living*) and November 19, 2014 (*Good Housekeeping*). (*Id.* ¶¶ 5, 8.) This database was established in 2008 and contains records of all *Country Living* and *Good Housekeeping* subscriptions since then (including the names of subscribers and gift-subscription purchasers). (*Id.* ¶¶ 3-4; Swift Decl. I ¶¶ 4-5.) The *Country Living* and *Good Housekeeping* subscription records contained in the database have never been deleted. (Swift Decl. II ¶¶ 3, 8.) Each search was conducted by querying the relevant database for an individual with the last name "Grenke" and first name "David." (Swift Decl. II ¶¶ 5, 8.)

And, fatally for Plaintiff, any purported "purchase" notwithstanding, **Hearst has no record of ever having disclosed Plaintiff to third parties as either a** **Country Living** *or* **Good Housekeeping** *subscriber or purchaser.* (*See* Swift Decl. II ¶ 6; Swift Decl. I ¶ 8.) No amount of discovery will change that.

## Conclusion

Hearst respectfully requests that this Court stay discovery.

Dated:  December 2, 2014                Respectfully submitted,

James P. Feeney (P13335)                /s/ Jonathan R. Donnellan
DYKEMA GOSSETT PLLC                     Jonathan R. Donnellan
                                        THE HEARST CORPORATION

*Attorneys for Defendant Hearst Communications, Inc.*

7

## **CERTIFICATE OF SERVICE**

I, Kristina E. Findikyan, certify that on December 2, 2014, a copy of the foregoing was served upon all counsel of record via ECF.

                        By: /s/ Kristina E. Findikyan
                             Kristina E. Findikyan