UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GRENKE, individually, and
on behalf of all others similarly situated,

        CASE NO. 12-CV-14221
Plaintiff,        HONORABLE GEORGE CARAM STEEH

v.

HEARST COMMUNICATIONS, INC.,
a Delaware Corporation,

        Defendant.
_____/

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HEARST COMMUNICATIONS, INC.'S MOTION TO STAY DISCOVERY PENDING DECISION ON DEFENDANT'S MOTION TO DISMISS (DOC. #74)

This matter is before the court on defendant Hearst Communications, Inc.'s motion to stay discovery pending the court's decision on defendant's motion to dismiss for lack of subject-matter jurisdiction. The court held a hearing on December 8, 2014 at which time the motion was granted in part and denied in part. This order provides further reasoning for the court's decision.

This case has been pending since September, 2012.[1] Defendant is an international media company that publishes over 300 magazines worldwide. Plaintiff challenges defendant's alleged sale of "Personal Reading Information"[2] of its magazine subscribers to third parties as a violation of Michigan's Video Rental Privacy Act, Mich. Comp. Laws §§

---

[1] This case and *Fox v. Time, Inc.*, No. 12-14390 (Drain, J.), were reassigned to the docket of this court in January 2013 for the limited purpose of coordinated or consolidated pretrial proceedings with *Halaburda v. Bauer Publishing Co.*, No. 12-12831.

[2] This is the term used, and defined, in the Complaint.

-1-

445.1711, *et seq.* (the "VRPA"). Plaintiff alleges that he subscribed to *Country Living*, a magazine published by defendant.[3] Defendant's motion states that discovery has shown plaintiff never subscribed to *Country Living*. On this basis, defendant has filed a motion to dismiss arguing that the court lacks subject-matter jurisdiction because plaintiff does not have standing—nor did he ever have standing—to pursue any claims against defendant. (Doc. #70). The motion to dismiss is scheduled for hearing on February 11, 2015. Subsequent to filing the motion to dismiss, defendant filed the instant motion to stay discovery until resolution of the motion to dismiss.

Defendant argues that discovery should be stayed because a favorable decision on its motion to dismiss would end the case rendering discovery unnecessary and inappropriate. Plaintiff disagrees. Plaintiff argues that, under the VRPA, he need only show that he *purchased* magazines from plaintiff, not that he was a *subscriber* to the magazines. As plaintiff points out, the VRPA affords relief to a "customer" which is defined as "a person who *purchases*, rents, or borrows a book or other written material." Mich. Comp. Laws § 445.1711(a) (emphasis added). Plaintiff says that he initially purchased a one-year subscription to *Country Living* twelve years ago, using a check bearing his name, and that the subscription lapsed sometime in 2013. Plaintiff does not recall whether the subscription was purchased in his or his wife's name. Plaintiff contends that he is entitled to discovery in order to test defendant's evidence and properly respond to the motion to dismiss. Plaintiff specifically seeks to test the evidence defendant claims to have showing that plaintiff did not purchase any of its magazines.

---

[3] Plaintiff recently stated in a declaration that he also subscribed to *Good Housekeeping*. The Complaint only alleges that plaintiff subscribed to *Country Living*.

In reply, defendant states, through the declaration of its Vice President of Strategy and Marketing Operations, Charles W. Swift, Jr., that it has no record of plaintiff purchasing any of its magazines, nor does it have any record of plaintiff's Personal Reading Information being sold to a third party. Defendant says that it only discloses information of its subscribers. Because defendant has no record of plaintiff subscribing to *Country Living*, defendant avers that there is no record showing that plaintiff's Personal Reading Information was disclosed.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). Unless it is shown that the plaintiff would suffer substantial prejudice from a stay of discovery, a trial court's decision to stay discovery will not be disturbed. *Cochran v. United Parcel Service, Inc.*, 137 F. App'x 768, 772 (6th Cir. 2005).

As explained at the hearing, the court grants in part and denies in part defendant's motion to stay discovery. To the extent that defendant seeks a stay of *all* discovery, the motion will be denied. "When facts presented to the district court give rise to a factual controversy, the district court must . . . weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The parties have raised a factual controversy—whether or not plaintiff ever subscribed to and/or purchased magazines from

-3-

defendant—which cannot be resolved without affording plaintiff discovery to support his position. Without the ability to test defendant's evidence claiming to show that plaintiff never purchased any magazines from defendant, plaintiff is hindered in his ability to establish this court's subject-matter jurisdiction and cannot properly respond to defendant's motion to dismiss. Although defendant may ultimately prevail on its motion to dismiss, the better course of action is to allow plaintiff limited discovery prior to deciding the motion. A stay as to this discovery, therefore, will be denied.

At the hearing, the court defined the scope of the discovery plaintiff may undertake at this juncture. Plaintiff may take Charles Swift Jr.'s deposition under Fed. R. Civ. P. 30(b)(6) to inquire into any topic relating to plaintiff's standing to pursue his claims. As explained at the hearing, the deposition shall be limited to plaintiff's allegations in the Complaint relating to *Country Living*. Plaintiff's later declaration that he also purchased a subscription to *Good Housekeeping* is not a proper topic for the deposition because plaintiff did not allege in the Complaint that he subscribed to *Good Housekeeping*. As the court also explained at the hearing, plaintiff is permitted to inquire into whether defendant has records showing plaintiff's wife purchasing a subscription to *Country Living*. It may be that plaintiff and his wife effected a joint purchase where the subscription was shared between them. Plaintiff shall have the opportunity to explore this limited issue because it is relevant to the court's decision on standing.

To the extent that plaintiff seeks discovery unrelated to the issue of subject-matter jurisdiction, a stay is granted until resolution of the pending motion to dismiss. The only discovery plaintiff may complete at this point is that which is explained above. Plaintiff will not be prejudiced if discovery related to additional issues is stayed. The motion to dismiss has already been scheduled for hearing, and this ruling will not result in undue delay. In

the event that defendant's motion to dismiss is denied, the parties will be allowed additional time, if necessary, to complete any outstanding discovery.

For these reasons, and for the reasons explained on the record at the hearing, defendant's motion to stay is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated: December 8, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 8, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk